UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH FERRELL, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 06-167 (RBW) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants the District of Columbia and Mayor Anthony Williams ("Defendants"), by and through undersigned counsel, and pursuant to SCR-Civil 12(b)(6), respectfully move this Honorable Court for an Order dismissing the above-entitled action, with prejudice. As grounds, Defendants state that 1) the Complaint alleges no wrongdoing by Mayor Williams, the District or its employees; and 2) the Plaintiff has not alleged any District policy or custom that caused him injury and, therefore, cannot recover in a suit against the Mayor in his official capacity pursuant to 42 U.S.C. § 1983.

A Memorandum of Points and Authorities is attached hereto. Because this is a dispositive motion, the Defendants are not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

                                               /s/
                               HOLLY M. JOHNSON [476331]
                               Chief, General Litigation Section III

                                               /s/
                               NICOLA N. GREY [492150]
                               Assistant Attorney General
                               441 Fourth Street, N.W.
                               Sixth Floor South
                               Washington, D.C. 20001
                               (202) 724-6626   (202) 727-3625 (fax)
                               E-mail:  nicola.grey@dc.gov

Dated: August 14, 2006

Case 1:06-cv-00167-RBW   Document 6   Filed 08/14/2006   Page 2 of 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH FERRELL,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vi.  : | Civil Action No.: 06-167 (RBW) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT
OF THE DEFENDANTS' MOTION TO DISMISS**

Defendants the District of Columbia and Mayor Anthony Williams ("Defendants"), by and through undersigned counsel, pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the Plaintiff's Complaint for the following reasons: 1) the Complaint alleges no wrongdoing by Mayor Anthony Williams, the District or any of its employees; and 2) the Plaintiff has not alleged any District policy or custom that caused him injury.

*Statement of Facts*

Plaintiff alleges that on July 16, 2005, his case manager, Tonya Johnson, "submitted a false report to Kevin Lineberger, stating that [he] had admitted to using illegal drugs while a resident in the Assessment Orientation Center." See Complaint, ¶ V. Plaintiff claims that Ms. Johnson "deliberately set out to inflict cruel and unusual punishment upon [him] because [he] rejected her sexual advance." *Id.* Plaintiff also alleges that he informed the Director of the program about Ms. Johnson's actions and he "took no action toward reprimanding her behavior." *Id*.

*Standard of Review*

A motion to dismiss pursuant to SCR-Civil 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.,* 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

Because the plaintiff has failed to state a claim upon which relief may be granted, his complaint against the District and Mayor Anthony Williams should be dismissed in its entirety.

*ARGUMENT*

1. **THE PLAINTIFF'S COMPLAINT ALLEGES NO WRONGDOING BY MAYOR ANTHONY WILLIAMS AND THE DISTRICT OF COLUMBIA.**

Plaintiff's Complaint identifies incidents involving only CSOSA employees. The Plaintiff has named as individual defendants, Mayor Anthony Williams, Tonya Johnson, and Kevin Lineberger. Both Ms. Johnson and Mr. Lineberger are employed by the Court Services and Offender Supervision Agency ("CSOSA"). The Office of the Attorney

General for the District of Columbia does not represent these individually named CSOSA employees, as they are *federal* employees, not state employees. *See* D.C. Code § 24-133(a) (Supp. 2005) ("There is established within the executive branch of the Federal Government the Court Services and Offender Supervision Agency for the District of Columbia…"). Indeed, the statute clearly indicates that the Office of the Attorney General only "provides litigation services" to D.C. Pretrial Services, an "independent entity" within CSOSA. D.C. Code § 24-133(e)(1), (4) (Supp. 2005). Moreover, the statute expressly limits the District's obligations to cases not arising out of CSOSA's conduct:

> The District of Columbia shall defend any civil action or proceeding brought in any court or other official Federal, state, or municipal forum against the District of Columbia Pretrial Services Agency or the District of Columbia or its officers, employees, or agents, and shall assume any liability resulting from such an action or proceeding, if the action or proceeding arises from the activities of the District of Columbia Pretrial Services Agency prior to the date on which the Offender Supervision, Defender and Courts Services Agency assumes its duties.

D.C. Code § 24-133(e)(3) (Supp. 2005). D.C. Code § 24-133(a) indicates that CSOSA "shall assume its duties not less than one year or more than three years after August 5, 1997." D.C. Code § 24-133(a) (Supp. 2005). Since the relevant acts described in the instant complaint occurred after August 5, 2000, and are not acts by Pretrial Services employees, the Office of the Attorney General is not responsible for representation of (nor is the District liable for) CSOSA or its employees. Upon information and belief, the United States' Attorney's Office for the District of Columbia would represent the named CSOSA employees.

Significantly, the Plaintiff does not allege that Mayor Anthony Williams, the District of Columbia or any of its employees had had any involvement in the particular circumstances that form the basis of his Complaint. Nor does he allege that Mayor

5

Anthony Williams, the District of Columbia or any of its employees had any knowledge about the actions by CSOSA's employees or the outcome of Plaintiff's drug tests. In fact, other than the case caption, the Complaint does not again mention Mayor Williams. Therefore, Mayor Williams and the District are not proper Defendants in this case, and all claims against them must be dismissed.

**2. PLAINTIFF'S CLAIMS AGAINST THE DISTRICT OF COLUMBIA AND MAYOR WILLIAMS IN HIS OFFICIAL CAPACITY MUST BE DISMISSED BECAUSE HE HAS NOT ALLEGED ANY DISTRICT POLICY OR CUSTOM THAT CAUSED HIM INJURY.**

Assuming Mayor Williams was sued in his official capacity, any constitutional claim would be subject to dismissal for failure to allege an unconstitutional policy or custom. A suit against Mayor Williams is equivalent to a suit against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself.").

As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate his injury was caused by a policy or custom that a policymaker of the District approved. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> … a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added).

Although there is no heightened pleading requirement, a § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue. *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *Dant*, 829 F.2d at 76.

In *Dant*, the plaintiff was unlawfully detained by the District of Columbia police for several hours. *Id.* at 71. In his complaint against the District, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments … and 42 U.S.C. § 1983." *Id.* at 77. The court held that the plaintiff's complaint was insufficient to support a claim against the District, writing:

> The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process *pursuant to an established WMATA policy or practice*. The complaint thus fails to allege a necessary element of a section 1983 violation, namely, that there be a deprivation of rights "under color of any statute, ordinance, regulation, custom, or usage of any State."
> *Id.* (*citing Monell*, 346 U.S. at 691) (emphasis added).

Here, the plaintiff's complaint is similarly lacking. While the complaint acknowledges that, "Under Section 1983, the District is liable for federal Constitutional violations that are committed under the color of law by District of Columbia policy-making

7

employees," it does not state that any of the individuals involved in the alleged incident *were* policy-making employees. (Complaint, ¶ 3.) Furthermore, the complaint does not state that the correctional officers' behavior was related in any way to a policy or custom of the District. As such, the complaint "fails to allege a necessary element" of a § 1983 violation, and all § 1983 claims against the District must be dismissed.

Here, even with all reasonable inferences taken in favor of the Plaintiff, the allegations presented in the Complaint falls far short of establishing a municipal policy or custom. In fact, the Plaintiff does not identify any custom or policy of the District of Columbia. Moreover, the Plaintiff cannot satisfy this standard by alleging misconduct of CSOSA employees because they are federal employees, not District employees. (D.C. Code § 24-133 (2006).) Finally, the Plaintiff has not alleged that he suffered any injuries that were caused by any District custom or policy. As such, the Plaintiff cannot recover in a suit against the District or the Mayor in his official capacity pursuant to 42 U.S.C. § 1983.

## **CONCLUSION**

The Complaint should be dismissed as against the District of Columbia.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III

8

/s/
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

## CERTIFICATE OF SERVICE

I, Nicola N. Grey, hereby certify that on this 14th day of August 2006, a copy of the foregoing Motion to Dismiss was served mailed via first class mail, postage pre-paid to the following parties:

Joseph Ferrell
Reg. No.: 23726-016
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

/s/
Nicola N. Grey
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH FERRELL, : | |
| : | |
| Plaintiff, : | |
| : | |
| vii. : | Civil Action No.: 06-167 (RBW) |
| : | |
| DISTRICT OF COLUMBIA, et al., : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Upon consideration of the Defendants' Motion To Dismiss the Complaint, the Memorandum of Points And Authorities in Support thereof, any opposition thereto, and the entire record herein, it is this \_\_\_\_ day of _____ 2006, hereby,

**ORDERED:** that the Defendants' Motion is **GRANTED**; and it is

**FURTHER ORDERED**: that Plaintiff's Complaint is hereby **DISMISSED**.

_____
REGGIE B. WALTON
United States District Court Judge

Copies to:
Nicola N. Grey
Assistant Attorney General
Office of the Attorney General
441 4th St., NW
6th Floor South
Washington, DC 20001

Joseph Ferrell
Reg. No.: 23726-016
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

10