UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH FERRELL,<br>R23726-016<br>Rivers Correctional Institution.<br>P.O. Box 630<br>Winton, NC 27986<br><br>           Plaintiff, pro se<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  06-0167 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

## FEDERAL DEFENDANTS' MOTION TO DISMISS

The United States Attorney's Office for the District of Columbia, in the interest of the United States[1], hereby respectfully moves, pursuant to Fed. R. Civ. P. 12 (b)(1),(4), (5), and (6), for dismissal of this action for lack of subject matter jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief may be granted.[2]

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case.  A proposed Order consistent with the relief sought herein is attached.

---

[1] The United States Attorney's Office for D.C. has determined that it is in the interest of the United States to file this motion because two of its employees have been sued in their individual capacity, although not yet properly served in that capacity.  Said employees are Tonya Johnson and Kevin Lineberger, federal employees of the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA").

[2] Federal Defendants Johnson and Lineberger have not been properly served individually or officially.  See, e.g., Docket Entry No. 8.  Accordingly, they do not appear as parties in any capacity at this time and should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit.

Dated: September 25, 2006.

        Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH FERRELL,<br>R23726-016<br>Rivers Correctional Institution.<br>P.O. Box 630<br>Winton, NC 27986<br><br>            Plaintiff, pro se<br><br>   v.<br><br>DISTRICT OF COLUMBIA, et al.<br><br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.  06-0167 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS**

The United States Attorney's Office hereby submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1),(b)(4), (b)(5), and 12(b)(6).

Plaintiff Joseph Ferrell, a federal inmate proceeding *pro se*, brings the above-captioned action, alleging that Federal Defendants Tanya Johnson[1] and Kevin Lineberger violated his civil rights when on July 16, 2006, Tanya Johnson, a Community Supervision Officer ("CSO") with CSOSA, "submitted a false report to Kevin Lineberger, stating that [he] had admitted to using illegal drugs while a resident in the Assessment Orientation Center." Compl. ¶ V, Docket Entry No. 1. Plaintiff asserts that Ms. Johnson "deliberately set out to inflict cruel and unusual punishment upon [him] because [he] rejected her sexual advances." Id. Plaintiff also asserts that when he informed Mr. Lineberger, the Director of the Assessment Orientation Center ("AOC"),

---

[1] Federal Defendant Tanya Johnson's name is incorrectly spelled in Plaintiff's complaint as "Tonya Johnson."  Compl.

about Ms. Johnson's actions, he "took no action toward reprimanding her behavior." Id. Plaintiff seeks $450,000 in damages.  See Pl.'s Compl. at 5.

For the reasons set forth below, this suit should be dismissed for lack of subject matter jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff Joseph Donnell Ferrell is a federal offender incarcerated at the Rivers Correctional Institution in Winton, North Carolina.  See, e.g., Docket.  Prior to Plaintiff's current incarceration, he was released to parole supervision by the Assessment and Orientation Center (AOC), a substance abuse assessment program operated by CSOSA.  See generally Compl.; see also www.csosa.gov.  Plaintiff alleges that he was wrongfully removed from the program when on July 16, 2005, the CSO to whom he was assigned, Tanya Johnson, submitted a report concerning Plaintiff's possible drug use and/or possession.  Compl. at V, 6-8.  Plaintiff claims that CSO Johnson submitted the report "solely because [he] ignored the sexual advances of Ms. Johnson, and she wanted [him] back in prison."  Id. at 8.

Plaintiff asserts that on September 20, 2005, he sent a letter to Kevin Lineberger, the Director of the AOC, informing him that CSO Johnson submitted an alleged "false report," and requesting that he place Plaintiff back into substance abuse program.  Compl. at 7.  Apparently unsatisfied with Mr. Lineberger's response, on January 31, 2006, Plaintiff filed the instant Complaint against Mayor Anthony Williams, Tanya Johnson, and Kevin Lineberger, requesting damages under the Civil Rights Act, 42 U.S.C. § 1983, for alleged cruel and unusual punishment and mental anguish and suffering.  Compl.

## STANDARD OF REVIEW

The United States Attorney's Office moves, pursuant to Rules 12(b)(1),(4), (5), and (6), for dismissal of this action for lack of subject matter jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief may be granted.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (Oct. 4, 2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp.2d at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling

him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**ARGUMENT**

First, no federal government employee has been properly served in this lawsuit. Second, Plaintiff has failed to exhaust his administrative remedies. Third, to the extent Plaintiff's complaint challenges his removal from the substance abuse assessment program at the AOC, the revocation of his parole, or his current confinement, those claims are jurisdictionally barred. Finally, Plaintiff's money damages claims are barred by the doctrine of sovereign immunity.

**I.      Plaintiff Has Not Perfected Service Against Defendant Johnson or Lineberger.**

Defendants Johnson and Lineberger have not been properly served in this lawsuit. In order to properly serve a federal government employee in an official or individual capacity, a party is required to deliver a copy of the summons and complaint on (1) the officer or employee; (2) the United States Attorney for the district in which the action is brought; and (3) the Attorney General of the United States at Washington, District of Columbia. Fed. R. Civ. P. 4(i). Specifically, Rule 4(i) states:

> **(i) Serving the United States, Its Agencies, Corporations, Officers or Employees.**
>
> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the **United States**

**attorney for the district in which the action is brought** or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and also by sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

(2)(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - whether or not the officer or employee is sued also in an official capacity - is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).

Plaintiff has not satisfied all of the requirements of Rule 4(i) because he has not served a copy of the complaint upon Defendant Johnson or Lineberger, nor has Plaintiff served the United States Attorney's Office for the District of Columbia at this time.  See, e.g., Docket.

The District Court will lack personal jurisdiction over federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met.  Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982).  It is the plaintiff in a civil action who has the burden of establishing the validity of service of process.  Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987).  Therefore, if that cannot be demonstrated, this case should be dismissed based upon insufficiency of service of process under Rule 12(b)(5).  Accordingly, because Plaintiff has not served a copy of the

complaint upon Federal Defendants Johnson and Lineberger, and has not served the United States Attorney's Office for the District of Columbia, any claims against Defendants Johnson and Lineberger should be dismissed.

## II.     Plaintiff Failed to Exhaust His Administrative Remedies.

Plaintiff failed to exhaust his administrative remedies with regard to the issues raised in his complaint. See Compl. at 3 ("Did you present the facts relating to your complaint in the prison grievance procedure? "No"). Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust "such administrative remedies as are available" before bringing a civil action in federal court. 42 U.S.C. §1997e(a); Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001). Although the AOC is not a prison, Plaintiff apparently claims that he is currently incarcerated after his removal from the AOC substance abuse assessment program due to an alleged false progress report. Compl. While Plaintiff states that on September 20, 2005, he complained to Defendant Kevin Lineberger that Defendant Tanya Johnson submitted an alleged "false report" due to Plaintiff's rejection of her sexual advances, Plaintiff has failed to allege that he filed any formal complaint or grievance with anyone concerning either the alleged "false report" or any alleged "sexual advances" made by CSO Johnson. Compl. at 3-4, 7. Furthermore, after Plaintiff was unsatisfied with the response he received to his letter to Defendant Lineberger, Plaintiff does not allege that he ever appealed to any other reviewing authority within the federal correctional system. See Booth v. Churner, 532 U.S. 731 (2001)(PLRA requires completion of administrative exhaustion prior to inmate's filing of civil rights lawsuit). Therefore, because Plaintiff never went beyond the first step of complaining to Defendant Lineberger, Plaintiff failed to exhaust his administrative remedies prior to filing his complaint in this Court and all of his

claims should be dismissed.

**III.    To the Extent Plaintiff's Complaint Suggests that He Was Wrongfully Removed From the AOC or that He is Wrongfully Confined, Habeas Corpus is Plaintiff's Exclusive Remedy.**

Although Plaintiff's claims are not entirely clear, to the extent Plaintiff's complaint suggests that his parole was wrongfully revoked or that he was wrongfully removed from the AOC substance abuse assessment program due to Defendant Johnson's alleged "false report," any such claim is jurisdictionally barred. See Compl. When an individual claims that his custody violates the Constitution or laws or treaties of the United States, a federal court may grant a writ of habeas corpus. See 28 U.S.C. § 2254; see also 28 U.S.C. § 2255. The habeas statute intersects with general prisoner litigation under 42 U.S.C. § 1983, which allows prisoners civil rights claims for damages.

In order to recover damages for an allegedly unconstitutional imprisonment, or "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff in a civil rights damages suit must prove that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey 512 U.S. 477, 486-87 (1994); see also White v. U.S. Probation Office, 148 F.3d 1124, 1125-1126 (D.C. Cir. 1998); Aleotti v. Baars, 896 F.Supp. 1, 3-4 (D.D.C. 1995), aff'd, 107 F.3d 922 (D.C. Cir. 1996). The favorable termination requirement applies to civil rights damages claims that necessarily imply the invalidity of the plaintiff's confinement. See Heck, 512 U.S. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)(Heck bars a civil rights damages suit, absent prior invalidation, if "success in that action

7

would necessarily demonstrate the invalidity of confinement or its duration."); Muhammad v. Close, 540 U.S. 749, 751 (2004)(Heck's favorable termination requirement is not implicated by a prisoner's challenge "that threatens no consequence for his conviction or the duration of his sentence.").

Addressing this difficult relation between petitions for habeas corpus and other prisoner claims, the Supreme Court has provided examples of prisoner cases that must be brought in habeas, listing those cases where the prisoner asserts "that the statute under which he stands convicted is unconstitutional[;] ... that he has been imprisoned prior to trial on account of a defective indictment against him[;] ... that he is unlawfully confined in the wrong institution[;] ... that he was denied his constitutional rights at trial[;] ... that his guilty plea was invalid [;] ... that he is being unlawfully detained by the Executive or military [;] ... [and] that his parole was unlawfully revoked...."  Preiser v. Rodriguez, 411 U.S. 475, 486 (1973)(citations omitted); see also Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10, 822 n. 74 (D.C.Cir.1988).

Any suggestion by Plaintiff that he was wrongfully removed from the substance abuse assessment program at the AOC, that his parole was unlawfully revoked, or that he is currently unlawfully confined, falls squarely within the parameters of prisoner cases listed by the Supreme Court.  See Preiser, 411 U.S. at 486; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997)(examining §1983 damages suit for due process violations in an administrative disciplinary action, which resulted in prison infractions that imposed ten days of isolation, twenty days of segregation, and loss of good-time credits, Supreme Court unanimously found that victory for the plaintiff on the alleged deprivation of a liberty interest without due process would necessarily imply the invalidity of his punishment).  Therefore, under the habeas statute and

Supreme Court precedent, such claims appropriately sound in habeas and the favorable termination requirement of Heck v. Humphrey would apply.[2] Appellant's confinement has not been declared invalid or called into question by a writ of habeas corpus and any claim of that nature in Plaintiff's complaint should be dismissed.

### IV.    Defendant Officials May Not Be Sued for Damages In Their Official Capacities.

To the extent that Plaintiff seeks damages against individual Defendants Johnson or Lineberger in their official capacities, his claims must be dismissed absent a waiver of sovereign immunity.  Meyer v. Reno,  911 F. Supp.11 (D.D.C. 1996); Marshall v. Reno,  915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995).  The inherent sovereign immunity of the United States protects it and its agencies [such as CSOSA] from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992). Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government.  Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir.  1984).  Plaintiff's complaint does not contain any colorable basis for such a waiver.  Therefore, to the extent Plaintiff asserts claims for damages against Defendants Johnson and Lineberger in their official capacities, such claims must be dismissed for lack of subject matter jurisdiction.

---

[2]  To the extent Plaintiff suggests the invalidity of his current incarceration, and seeks a writ of habeas corpus, Plaintiff must bring his petition in a court with jurisdiction over both the petitioner and his custodian.  See, e.g., Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 376 (D.C. Cir. 2000)(habeas challenge must be brought against the custodian, a rule that channels such claims into the federal court with jurisdiction over the claimant's prison); Chatman-Bey, 864 F.2d at 805, 810-14(same).  Plaintiff is currently incarcerated at the Rivers Correctional Institution in Winton, North Carolina, and thus this Court does not have jurisdiction over either Plaintiff or his custodian.  See, e.g., Docket.

## V.     Defendants Johnson and Lineberger Are Entitled to Absolute Immunity.

Plaintiff does not indicate that he is proceeding under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971); nonetheless, the Federal Defendants' defenses to a <u>Bivens</u>-type suit are asserted.  Individually-named Federal Defendants Johnson and Lineberger should be entitled to absolute immunity from Plaintiff's claims.

It is well-established law that members of the judiciary are entitled to absolute immunity. <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).  The Supreme Court has extended absolute immunity to certain officials who perform functions closely associated with the judicial process.  <u>See</u>, <u>e.g.</u>, <u>Butz v. Economou</u>, 438 U.S. 478 (1978)(hearing examiners entitled to absolute immunity). Absolute immunity has also been extended to parole officials because they perform tasks that are functionally comparable to those of judges.  <u>Walrath v. United States</u>, 35 F.3d 277 (7th Cir. 1994)(parole revocation decisions made by Commissioner and Commission staff are absolutely immune from suit);  <u>Sellars v. Procunier</u>, 691 F.2d 1295 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1102 (1981)(absolute immunity for Parole Board member under Butz); <u>Hilliard v. Board of Pardons and Paroles</u>, 759 F.2d 1150 (5th Cir. 1985)(Parole Board members have absolute immunity); <u>Trotter v.Klincar</u>, 748 F.2d 1177, 1182 (7th Cir. 1984)(acts of hearing officer were "inexorably connected with the execution of parole revocation procedures" and thus the officer was entitled to absolute immunity); <u>Harper v. Jerrfries</u>, 808 F.2d 281, 284 (3d Cir. 1986)(absolute immunity for hearing examiner who conducted detention proceeding and made recommendation to parole board).  Because Federal Defendants Johnson and Lineberger perform functions closely associated with the judicial process in supervising offenders' pretrial release, probation or parole status, they are entitled to absolute immunity for all claims against them in their individual

10

capacities.  Id.

## VI. Defendants Johnson and Lineberger Are Entitled to Qualified Immunity.

Likewise, individually-named Federal Defendants Johnson and Lineberger are entitled to qualified immunity from Plaintiff's claims.  Qualified immunity shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  Id.  The D.C. Circuit, in Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity grounds] unless '[t]he contours of the right [were] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate [d] that right.' "  Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987), aff'd 922 F.2d 443 (8th Cir. 1990)).
>
> By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," Anderson, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function.  See Harlow, 457 U.S. at 813-14.  In other words, qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability--costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service."  Id. at 816; see also Harris, 932 F.2d at 13.  To this end, qualified immunity provides not simply a defense to liability, but also "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In this case, Plaintiff has no clearly established right to participate in the AOC's substance abuse assessment program operated by CSOSA. Furthermore, Plaintiff has no clearly established right to a favorable progress report during his participation in such a program. Defendant Tanya Johnson acted within her discretion as a CSO when she submitted to Defendant Kevin Lineberger a report concerning Plaintiff's possible drug use and/or possession. See Compl. at V, 6-8. Therefore, whether or not Plaintiff agrees with his progress report, Plaintiff holds no clearly established right to any report at all or to continued participation in the program, and Plaintiff's claims should be dismissed.[3]

### VII. Plaintiff Has Failed to State a Claim under 42 U.S.C. § 1983 Against Any Federal Defendant.

Insofar as Plaintiff makes a § 1983 claim against CSOSA employees Tanya Johnson and Kevin Lineberger, such claim is subject to dismissal. Section 1983 permits suit against a "person" acting "under color of state law." 42 U.S.C. § 1983.[4] In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must allege that defendant acted "under color of state law" at the time of the acts complained of and that defendant's actions deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v.

---

[3] In addition, Plaintiff's allegation that the submission of the alleged "false report" constituted "cruel and unusual punishment," causing him "mental anguish/suffering" fails to articulate a cognizable constitutional claim against Defendants Johnson and Lineberger either in their individual or official capacity.

[4] Notably, Plaintiff's complaint does not name CSOSA as a defendant in this case. Compl. However, even if CSOSA were named, it is not a "person," for purposes of the statute and cannot be sued under § 1983. See, e.g., Al Fayad v. C.I.A., 229 F.3d 272 (D.C. Cir. 2000) (government is not a "person" absent affirmative evidence in statute of intent to include sovereign government within term); Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992) (federal agencies not "persons" liable for civil rights damages under section 1983) (citing Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)).


Atkins, 487 U.S. 42, 48 (1988); see also Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990). The statute's provisions do not apply to federal officials acting under the color of federal law. See Williams v. United States, 396 F.3d 412, 413-14 (D.C. Cir. 2005); Abramson v. Bennett, 707 F.Supp. 13, 16 (D.D.C.), aff'd, 889 F.2d 291 (D.C. Cir. 1989)("Section 1983 only applies to state officials acting under color of state law", not to federal officials).

      CSOSA employees are federal officials, and when they perform their duties supervising D.C. offenders sentenced in D.C. Superior Court, they are acting pursuant to a federal statute: the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11233, 111 Stat. 251, 712 ("There is established within the executive branch of the Federal Government the Court Services and Offender Supervision Agency for the District of Columbia . . ."). But see Settles v. United States Parole Comm'n, 429 F.3d 1098, 1104-05 (D.C. Cir. 2005)(citing Fletcher v. District of Columbia, 370 F.3d 1223 (D.C. Cir.)(§ 1983 action may lie against individual members of U.S. Parole Commission when acting pursuant to the Revitalization Act), vacated, 391 F.3d 250 (D.C. Cir. 2004). While CSOSA employees make decisions concerning D.C. offenders in accordance with the District of Columbia parole laws, they also arrange for the supervision of D.C. paroled offenders in jurisdictions outside the District of Columbia. See Pub. L. No. 105-33, Chapter 3, 111 Stat. 251. CSOSA employees carry out their responsibilities on behalf of the court or agency having jurisdiction over the offender being supervised. Id. Consequently, CSOSA employees do not act "under color of" District of Columbia law; rather, they are acting under color of a federal statute, which references the law of D.C. and various jurisdictions outside D.C. Therefore, any claims under 42 U.S.C.

§1983 against Federal Defendants Johnson and Lineberger should not be permitted to proceed, as they act under color of federal, not state, law with respect to D.C. felons. See West v. Atkins, 487 U.S. 42 (1988).

Regardless, even if Plaintiff sufficiently alleged that a federal official acted "under the color of state law" and discriminated against him, Plaintiff has failed to establish that he was deprived of rights, privileges, and immunities secured by the Constitution or laws of the United States. Plaintiff's claims apparently center on his contention that he was wrongfully removed from the substance abuse assessment program at the AOC. However, there is no statutory or constitutional right to be placed into any specific program at any specific facility for pretrial release, probation or parole status, see e.g., 18 U.S.C. §§ 3621(b), 4082(b), Meachum v. Fano, 427 U.S. 215 (1976), nor does Plaintiff hold a protected liberty interest in participation in a substance abuse assessment program operated by CSOSA rather than confinement for his conviction. Accordingly, Plaintiff has not alleged that the actions of Federal Defendants Johnson and Lineberger, which allegedly led to his removal from the substance abuse assessment program, deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States, and Plaintiff's claims should be dismissed.

## CONCLUSION

For all of the foregoing reasons, this action should be dismissed against Defendants Tanya Johnson and Kevin Lineberger.

Dated: September 25, 2006.

        Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion To Dismiss** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **JOSEPH FERRELL**
> **R23726-016**
> **Rivers Correctional Institution.**
> **P.O. Box 630**
> **Winton, NC 27986**

on this  25th  day of September, 2006.


_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building - Civil Division
555 4th Street, NW
Washington, D.C. 20530